WILLIAM W. MERCER
United States Attorney
2929 Third Ave. North, Suite 400
P.O. Box 1478
Billings, MT 59103
Phone: (406) 247-4639
FAX: (406) 657-6989

MICHAEL YURKANIN, JR.
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5270
FAX: (406) 457-5130

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATE OF AMERICA, Plaintiff, vs. TASHALA L. HAYMAN, Defendant. | CR-02-82-GF-SEH <br><br> **STIPULATED FACTS** |
|---|---|

Comes now, the parties through William W. Mercer, United States Attorney for

the District of Montana and Anthony R. Gallagher, Federal Defender for the District of

Montana. If this matter were to proceed to trial, the parties stipulate that the United States of America could prove the following facts beyond a reasonable doubt:

1. On approximately July 30, 2002, the Cascade County Sheriff's office received information from the Spokane Regional Drug Task Force that a chemical company in Texas had sent two pounds of Sodium Cyanide to a woman claiming to be Carolyn Smith in Spokane. Smith had requested that these chemicals be shipped to a post office box at Postal Annex, a mailing service in Spokane. The Texas chemical company told law enforcement officials that they had refused a request from Smith to ship 20 additional pounds of Sodium Cyanide to Smith after suspecting that the business she claimed to represent was non-existent.

2. Sodium Cyanide is a highly toxic chemical used legally for a limited number of commercial purposes, including gold mining. Due to its toxic nature, the mailing of Sodium Cyanide is regulated by the United States Postal Service as a poison under Title 18, United States Code, Section 1716.

3. Through the course of their investigation, the Spokane Regional Drug Task Force learned that the woman claiming to be Smith had paid $20.00 to Postal Annex to forward her mail to 160 Central Avenue in Vaughn, Montana. This $20.00 fee was paid by the issuance of a check drawn off a Montana bank account under the name of Tashala Hayman. On August 4, 2002, a Cascade County Sheriff's Officer observed a 1987 Ford Taurus Station Wagon, Washington Licence Number, 132MHO, parked outside the residence at 160 Central Avenue in Vaughn. Washington State Motor Vehicle records indicate that this vehicle is registered to Tashala Hayman.

4. Vaughn, Montana is located in the State and District of Montana.

5.     On approximately August 8, 2002, the Great Falls Police Department ("GFPD") was notified that a black female, Tashala Lynett Hayman, date of birth, March 29, 1980, Social Security Account Number, 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, had purchased a nine-millimeter pistol from a pawn shop in Great Falls with a stolen Visa debit card number. The owner of this debit card advised GFPD that Hayman was never authorized to use this card. GFPD investigated further, and learned that Hayman was employed by National Electronics Warranty (NEW) in a position which would allow her to learn credit card information and personal identification information, such as Social Security Numbers, from NEW customers.

6.     Tashala Lynett Hayman a/k/a Carolyn Smith is the Defendant in this case.

7.     On August 8, 2002, GFPD obtained a state arrest warrant for Hayman for Deceptive Practices and placed her under arrest. Pursuant to this arrest, GFPD seized Hayman's purse and conducted an inventory of the contents. Inside this purse were several documents indicating that Hayman was receiving and opening mail at 160 Central Avenue in Vaughn in names other than her own. Two letters were from a credit card company, advising that applications for credit under the names Ryan Jones and Norman Smith had been denied pending the receipt of a copy of the applicants' Social Security cards. In this same purse, officers found Internet printouts of Social Security cards with the names and Social Security Numbers for Ryan Jones and Norman Smith typed in, as if to make it appear as if they were actual Social Security Cards. The attempted creation of a false Social Security card is a violation of Title 18, United States Code, Section 1028(a)(1) (Identity Theft).

8.     The GFPD also found the following items in the Defendant's purse:

a) A handwritten note containing the Internet address for the Social Security Administration web page where the image of the Social Security card can be found,

b) A calendar with the handwritten phrase, "Prepare the Cyanide Trucks & Cyanide",

c) A business card for Postal Annex in Spokane, Washington,

d) A work identification badge bearing Hayman's picture, with the false name of Carolyn Smith,

e) Handwritten notes regarding Sodium Cyanide, Sulfuric Acid, and Nitric Acid.

9. On August 12, 2002, FBI Agent Phil Niedringhaus and Cascade County Sheriff's Sergeant Dan Kohm spoke with Tashala Hayman at the Cascade County Detention Center. Hayman was advised of her Miranda rights and she agreed to waive those rights and speak with Special Agent Niedringhaus. Hayman admitted that she had purchased two pounds of Sodium Cyanide, and said that she had purchased the chemical for experimentation, even ingesting some to see what it would do. Hayman voluntarily signed a written consent form allowing Special Agent Niedringhaus to search her residence at 160 Central Avenue in Vaughn, Montana.

10. On August 13, 2002, Special Agent Niedringhaus and Sergeant Kohm conducted a search of the mobile home at 160 Central Avenue pursuant to Hayman's written consent. At this residence, they located and seized several items, including two open bottles labeled Sodium Cyanide and a soda bottle in a package addressed to Prince William of the British Royal Family. Testing by the Montana State Crime

Laboratory indicated that Sodium Cyanide was present in the soda bottle inside the package addressed to Prince William. In addition, they found home page web site printouts of Senator Kennedy, Hillary Clinton, and the White House.

11. On approximately August 13, 2002, the Postmaster at the Vaughn Post Office was interviewed regarding her knowledge of Hayman, and advised that she recalled Hayman sending a package to United States Senator Edward Kennedy in Washington, D.C., on approximately August 1, 2002. Hayman attempted to send this package without a return address, but wrote a Vaughn, Montana, address on the outside of the package after being required by the postmaster to do so. On August 14, 2002, the Washington, D.C., Capitol Police were notified of Hayman's mailing to Senator Kennedy's Office, and along with the United States Postal Service, began a search for this package. On August 15, 2002, a package matching the description of the one mailed by Hayman to Senator Kennedy was located in the U.S. Capitol mail system. This package, which contained two 20-ounce soft-drink bottles, was turned over to the FBI, and taken to a laboratory facility for testing. Both bottles tested positive for Cyanide, in quantities far in excess of what would be needed to kill an adult human.

12. The Sodium Cyanide recovered from Hayman's residence is a toxic chemical, as defined under Title 18, United States Code, Section 229F(8)(A) because if inhaled or ingested it can cause death, temporary incapacitation, or permanent harm to humans. Specifically, Dr. Benjamin Garrett of the FBI's Hazardous Materials Response Group, who has received specialized training in chemical weapons, would testify that Sodium Cyanide, if ingested, or if converted to gas form, could cause death to humans.

13. On August 16, 2002, Tashala Hayman was arrested and charged in the Great Falls Division of the District of Montana with violations of Title 18, United States Code, Section 1716 (Mailing Poison with Intent to Kill or Injure Another), and Title 18, United States Code, Section 1028(a)(1) (Identity Theft). She was remanded to the custody of the United States Marshal, and ordered detained without bond following a hearing on August 21, 2002.

14. During the consensual search of Hayman's residence on August 13, 2002, SA Niedringhaus and Detective Kohm seized several items which indicate that Hayman used the Internet to research explosives and poisons. Other Internet printouts contained the addresses of high-profile celebrities and politicians (including Senator Kennedy). Additional printouts indicated that Hayman was using false names and credit card numbers to obtain information, and order materials through the Internet. Specifically, the following Internet-related items were found during the August 13, 2002, consensual search of Hayman's residence:

> a) Printouts of Internet web pages showing the addresses of Senator Edward Kennedy and other government officials;
>
> b) Internet printouts regarding the British Royal Family;
>
> c) A handwritten note containing the E-mail address for an individual at an explosives company,
>
> d) A printout of an Internet web site pertaining to ignition devices for explosives,
>
> e) A sheet of paper containing rules for Internet usage at the public library,

15. On August 13, 2002, Nasco, a California company advised the Cascade County Sheriff's Office that a person claiming to be Carolyn Smith at 160 Central Avenue in Vaughn, Montana had ordered a NR Long Range tranquilizer dart gun with barbed syringes and accessories. This weapon would be capable of injecting a toxin, such as Sodium Cyanide, into the bloodstream of a victim from a distance. Nasco indicated that the initial credit card number used by the Defendant was invalid. A second credit card number offered by the Defendant was accepted and the items were shipped via United Parcel Service on August 8, 2002 to the 160 Vaughn, Montana address.

16. On August 20, 2002, FBI Agents obtained a search warrant from the Hon. Carolyn S. Ostby, United States Magistrate Judge, to take the long range dart gun, accessories and accompanying paperwork into custody. FBI Agents obtained these packages from the United Parcel Service and now have the items in their custody.

Based on an analysis of records and on the examination conducted by Doctor James A. Shadduck, Forensic Psychologist and the medical team at the Federal Medical Center, Carswell, Texas, the parties further stipulate that the Defendant, Tashala L. Hayman, could prove the following by clear and convincing evidence:

1. That at the time of the offenses charged in the Indictment Tashala L. Hayman was legally insane.

2. During the time period alleged in the Indictment, Ms. Hayman was suffering from symptoms of the severe mental disease Schizophrenia, Paranoid Type.

3. At the time of the commission of the acts constituting the offenses charged in the Indictment, Tashala L. Hayman, as a result of the severe mental disease

described in the preceding paragraph, was unable to appreciate the nature and quality of her acts and/or the wrongfulness of her conduct.

4. Ms. Hayman is a woman who has suffered from significant mental health difficulties since childhood. Available records indicate Ms. Hayman has had ongoing difficulties with psychotic symptoms including hyper-religiosity, auditory hallucinations, and delusional beliefs since early adolescence. In the past, Ms. Hayman has responded well to treatment with appropriate psychiatric medications.

5. Currently, Ms. Hayman meets the diagnostic criteria for Schizophrenia, Paranoid Type. Ms. Hayman has received treatment. Her response to treatment has been quite positive. She admitted that she had been experiencing auditory hallucinations as well as delusions. Soon after beginning appropriate psychiatric treatment, Ms. Hayman reported these symptoms had resolved. Clearly, Ms. Hayman has benefitted from receiving appropriate psychiatric treatment.

6. Ms. Hayman's history is well documented through treatment records. At an early age, Ms. Hayman demonstrated very similar symptoms to those she recently experienced. Ms. Hayman has been previously diagnosed with Paranoid Schizophrenia.

7. Ms. Hayman was not capable of appreciating the nature or quality of her conduct. She apparently engaged in the alleged criminal behavior as a means of frightening others. However, Ms. Hayman was quite ambivalent about her actions. In fact, she repeatedly voiced the opinion the chemical she allegedly utilized was not particularly dangerous. She continued to harbor this belief even after having to seek emergency medical treatment on two separate occasions for exposure to this chemical.

Ms. Hayman was not fully capable of appreciating or understanding her actions. Her actions were clearly based on persecutory delusions that occurred during the course of her chronic difficulties with Paranoid Schizophrenia.

**RESPECTFULLY SUBMITTED** this the ___18th___ day of December, 2002.

_(signature)_
**WILLIAM W. MERCER**
**UNITED STATES ATTORNEY**

_(signature)_
**MICHAEL YURKANIN, JR.**
**ASSISTANT U.S. ATTORNEY**

_(signature)_
**ANTHONY R. GALLAGHER**
**FEDERAL DEFENDER**
**COUNSEL FOR THE DEFENDANT**

_(signature)_
**TASHALA L. HAYMAN**
**DEFENDANT**